IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ERIC ADAM GRUENINGER,**

      Petitioner,

v.                                         Civil Action No. **3:13CV260**

**DIRECTOR, VIRGINIA DEPARTMENT
OF CORRECTIONS,**

      Respondent.

**MEMORANDUM OPINION**

Eric Adam Grueninger, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court of the County of Hanover, Virginia ("Circuit Court"). In his § 2254 Petition,[1] Grueninger argues entitlement to relief based upon the following grounds:

| | |
|---|---|
| Claim One: | "5th and 14th Amendment Violations[.] Counsel not present during custodial interrogation" (§ 2254 Pet. 16.) |
| Claim Two: | Counsel rendered ineffective assistance by:[2]<br>(a) failing to move to suppress Grueninger's statement;<br>(b) failing to properly cross-examine a witness;<br>(c) failing to request a mental health evaluation of Grueninger prior to sentencing;<br>(d) failing to move for a reduction in sentence;<br>(e) failing to file an appeal;<br>(f) failing to argue that his wife "was behind the allegations against me" (*id.* at 25);<br>(g) improperly stating that he filed a discovery motion. |

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for Grueninger's § 2254 Petition and attachments. The Court corrects the capitalization in quotations from Grueninger's submissions.

[2] The Court notes that the majority of Grueninger's claims derive from an outline entitled "THE MOST COMMON PITFALLS ATTORNEYS MAKE IN DEFENDING CHILD ABUSE CASES." (§ 2254 Pet. Ex. 4). As explained more thoroughly below, Grueninger's vague and conclusory attempts to construct claims against counsel based on this outline wholly fail.

Respondent moves to dismiss the § 2254 Petition. Respondent provided Grueninger with appropriate *Roseboro* notice.[3] (ECF No. 14.) Grueninger has responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

Following a bench trial, the Circuit Court convicted Grueninger of two counts of indecent liberties with a child under age fifteen, two counts of aggravated sexual battery by a parent with a child at least thirteen but less than fifteen, one count of rape, three counts of forcible sodomy, two counts of object sexual penetration, nine counts of possession of child pornography, and one count of distribution of child pornography. *Commonwealth v. Grueninger*, No. CR09000338, at 1–4 (Va. Cir. Ct. Nov. 24, 2009). Thereafter, the Court sentenced Grueninger to 235 years in prison with 147 years suspended. *Commonwealth v. Grueninger*, No. CR09000338 (Va. Cir. Ct. Feb. 3, 2010).

Grueninger appealed to the Court of Appeals of Virginia arguing insufficient evidence existed to convict him. Petition for Appeal at 2, *Grueninger v. Commonwealth*, No. 0431–10–2 (Va. Ct. App. filed June 1, 2010). The Court of Appeals of Virginia denied the petition for appeal. *Grueninger v. Commonwealth*, No. 0431–10–2, at 1 (Va. Ct. App. Aug. 30, 2010). The Supreme Court of Virginia refused Grueninger's subsequent petition for appeal. *Grueninger v. Commonwealth*, No. 102257, at 1 (Va. May 4, 2011).

Grueninger filed a petition for a writ of habeas corpus in the Circuit Court raising Claims One, Two (a), (c), (e), and (g) of the instant § 2254 Petition. Petition for Writ of Habeas Corpus at 6–7, *Grueninger v. Dir. of the Va. Dep't of Corr.*, No. CL11001384–00 (Va. Cir. Ct. filed August 8, 2011). Finding that Grueninger had defaulted his first claim (Claim One) under

---

[3] *See Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975).

*Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), and that Grueninger failed to demonstrate ineffective assistance of trial counsel, the Circuit Court dismissed his petition. *Grueninger v. Dir. of the Va. Dep't of Corr.*, No. CL11001384–00, at 1–8 (Va. Cir. Ct. Dec. 12, 2011). Grueninger filed an appeal to the Supreme Court of Virginia. Petition for Appeal at 1, *Grueninger v. Dir. of the Va. Dep't of Corr.*, No. 120359 (Va. filed Mar. 1, 2012). Finding no reversible error, the Supreme Court of Virginia refused the Petition for Appeal. *Grueninger v. Dir. of the Va. Dep't of Corr.*, No. 120359, at 1 (Va. June 19, 2012).

## II. EXHAUSTION AND PROCEDURAL DEFAULT

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995))

(additional internal quotation marks omitted).  "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66).  Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)).  The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).  This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)).  A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[4]  The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citations

---

[4] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

omitted).  Absent a showing of cause and prejudice or his actual innocence, this Court cannot review the merits of a defaulted claim.  *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Here, the Circuit Court found Grueninger procedurally defaulted Claim One pursuant to the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974) because Grueninger could have raised, but failed to raise, this claim at trial and on direct appeal.  *Grueninger v. Dir. of the Va. Dep't of Corr.*, No. CL11001384–00, at 1 (Va. Cir. Ct. Dec. 12, 2011).  *Slayton* constitutes an adequate and independent state procedural rule when so applied.  *See Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997).  Thus, Grueninger has procedurally defaulted Claim One unless he demonstrates cause and prejudice to excuse his default or his actual innocence.  Grueninger fails to do so.  Accordingly, Claim One will be dismissed.[5]

### III.   EVIDENCE PRESENTED AT TRIAL

In order to understand the factual basis behind several of Grueninger's claims, the Court finds it necessary to summarize the evidence presented at trial against Grueninger.  The Court of Appeals aptly summarized the evidence of Grueninger's guilt as follows:

> The evidence proved that on March 11, 2009, the victim told her mother, appellant's wife (wife), that appellant had been sexually molesting her for a number of years.  Appellant is the victim's father.  On March 13, 2009, Investigator David Klisz met with the victim and wife and wife gave her consent to search her and appellant's home.  Klisz found a flash drive in a top dresser drawer in the master bedroom.  Klisz also found three flash drives in a box of men's underwear, DVDs of adult and child pornography, a vibrator, and personal lubricant in the drawer.  Wife stated that the items in the drawer belonged to

---

[5] Grueninger failed to raise Claims Two (b), (d), and (f) in his state habeas petition, thus, Respondent argues these claims are unexhausted and barred from review here.  (Br. Supp. Mot. Dismiss 10.)  Although these claims are defaulted, in light of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 113 S. Ct. 1911 (2013), Grueninger's lack of counsel in his state habeas proceedings may establish cause for the procedural default of Claims Two (b), (d), and (f).  *Martinez*, 132 S. Ct. at 1320.  Given the foregoing circumstances, the absence of briefing on the impact of *Martinez* by Respondent, and the evident lack of merit of the underlying claims, judicial economy dictates that the court address the merits of Claims Two (b), (d), and (f).  *See Daniels v. Hinkle*, No. 3:11CV675, 2012 WL 2792199, at *1 (E.D. Va. July 9, 2012) (citing *Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir. 1999)).

appellant. Klisz seized a Compaq laptop computer, which appellant admitted he used. Klisz testified that appellant admitted performing oral sex on the victim on at least two occasions, that he regularly bathed with the victim, that he shaved her pubic hair, and that he put his finger in her vagina while helping her insert a suppository to treat a yeast infection.

The victim testified that appellant put his "parts" all over her "parts." The victim was fifteen years old at the time of appellant's trial and she attended special education classes at school due to a learning disability. The victim testified that she took a class in teen living at school and explained that her "parts" were called a vagina and appellant's "parts" were called a penis. The victim testified that when appellant did this, it was painful and semen came out of his penis. The victim testified that she took five or six pregnancy tests because "we thought [appellant] had got me pregnant."

The victim also testified that appellant shaved her pubic hair and took baths with her. The victim testified when they bathed together, appellant put his fingers "up my private parts." The victim testified that appellant rubbed his "parts" against her "parts," that he touched her chest, that he would "stick" his fingers upon her vagina, that he would place his mouth on where she would pee and get her period. The victim testified that the sexual abuse usually occurred on the weekends when her mother and brother were grocery shopping. The victim testified that appellant put a flash drive into her computer and he showed her videos of children having sex with adults.

Wife saw appellant bathing and shaving the victim's pubic hair. Child Protective Services (CPS) investigated the family in April 2008 and appellant was told to no longer bathe and shave the victim. The victim testified that when CPS investigated in 2008, she denied appellant was sexually molesting her because appellant was "controlling" her. When CPS investigated again in March 2009, the victim told the investigators about the sexual abuse and testified that she told the investigators the truth in 2009.

Wife testified that on March 11, 2009, she took the victim to a doctor's appointment for a follow-up visit because the victim was on birth control to regulate her periods. Appellant accompanied wife and the victim. Wife testified that the victim admitted to a healthcare provider that she was having suicidal thoughts. When the victim revealed this information to a healthcare provider, appellant became angry.

Wife also identified a Compaq computer seized from the home. Wife testified that she shared the computer with appellant, that they each had their own log-in passwords, and that she never used the partition labeled "Eric." Wife testified that their twelve-year old son also lived in the home, but he was "mid to severe" autistic, his communication was very limited, and he never used their computer because he had his own.

After appellant was arrested for these charges, he sent letters to wife. The letters urged wife to recant, urged wife to get the victim to recant, and contained admissions of wrongdoing. The letters were admitted into evidence.

Beverly Hoehing, a pediatric nurse practitioner and an expert in child sexual abuse, testified that her examination of the victim was consistent with the

victim's statements concerning the history of sexual abuse. According to Hoehing's examination, there was a transection in the victim's hymen, which indicated there had been penetrating trauma to the hymen.

Investigator Hazen Dunfee, a specialist in computer forensics and digital forensics, testified that the Compaq computer's drive was divided into two partitions: one labeled "Eric" and one in wife's name. When Dunfee examined the laptop, he found child pornographic images in a temporary Internet folder under the partition labeled "Eric." Dunfee found ninety-three child pornographic videos on a flash drive that Klisz found in appellant's dresser drawer. These videos depicted adult men engaging in sexual acts with children.

Appellant testified that he never sexually molested the victim, he never raped her, he never inserted a finger into her vagina, he never performed oral sex with her, and he never knowingly possessed child pornography. Appellant admitted that he took baths with the victim from the time she was an infant, but that wife was usually present. Appellant also testified that the victim told him she had fantasies and dreams of having sexual intercourse with him. Appellant testified that after they left the doctor's office on March 11, 2009, he yelled at the victim and that it was only then that the victim made the complaint against him. Appellant further testified that the letters he wrote to wife were not confessions to sexual abuse, but were his thoughts because he caused the victim to have an emotional breakdown when he yelled at her on March 11, 2009 and he wanted to reunite the family. In addition appellant testified that the Compaq computer belonged to wife, that wife used the partition labeled "Eric," and that the victim and his son used the computer all the time. Moreover, appellant testified that he never downloaded child pornography to the Compaq computer and the child pornographic videos on the flash drive were from a computer he fixed for a customer. He stated the customer never returned and he threw the flash drive into the box inside his dresser drawer. Finally, appellant testified they usually went grocery shopping as a family. Appellant testified that Klisz was lying because he never admitted to performing oral sex on the victim.

*Grueninger v. Commonwealth*, No. 0431-10-2, at 1–5 (Va. Ct. App. Aug. 30, 2010).

## IV.    THE APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS CORPUS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted

only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## V.   INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective

8

assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A.   Claims Raised in State Court

In Claim Two (a), Grueninger argues that counsel rendered ineffective assistance by failing to move to "suppress the statement the prosecution claims I made." (§ 2254 Pet. 22.) Grueninger contends that on March 13, 2009, after having *Miranda*[6] rights read to him, he stated to Detective Klisz, "I need an attorney." (*Id.* at 17.) Grueninger contends that this statement alone invoked his right to counsel for subsequent interactions with Detective Klisz. Thus, Grueninger believes that the statement he made to Detective Klisz three days later, on March 16, 2009, should be suppressed. (*Id.*) In rejecting this claim, the Circuit Court explained:

> The Court finds reasonable counsel's decision not to file a suppression motion, where petitioner made voluntary statements in response to being served with warrants one day in jail. (Exhibit 1; Affidavit of Michael Clower). The mere serving of these warrants was not designed to provoke incriminating statements from the petitioner and was not an interrogation, thus counsel correctly determined that the statements would not have been suppressed. The Court dismisses this claim for failure to establish deficient performance or prejudice. . . .

*Grueninger v. Dir. of the Va. Dep't of Corr.*, No. CL11001384–00, at 2 (Va. Cir. Ct. Dec. 12, 2011). The Court discerns no unreasonable application of the law or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)–(2).

Counsel explained in his affidavit that after watching the video of Detective Klisz's interaction with Grueninger, "[Grueninger] did ask for his attorney when the first set of warrants were served. Detective Klisz did read the defendant his Miranda warning, and Grueninger said 'These are felonies, I need an Attorney.'" Motion to Dismiss Ex. 1 at 1, *Grueninger v. Dir. of the Va. Dep't of Corr.*, No. CL11001384–00, at 2 (Va. Cir. Ct. filed Nov. 22, 2011). Counsel avers that Grueninger's statement "[was] not an unequivocal demand for an attorney or a denial

---

[6] *Miranda v. Arizona*, 384 U.S. 436 (1966).

of wanting to speak to the detective." *Id.* Counsel further explained from his review of the video that, "[o]n a subsequent day Detective Klisz returned with new warrants. At that time, upon being served, Mr. Grueninger volunteered statements that were later used in his conviction." *Id.* Counsel concluded that Grueninger "did not evoke his *Miranda* rights." *Id.* Counsel discussed the admissibility of Grueninger's statements with Grueninger and explained that he believed the statements were admissible. *Id.* Counsel avers that "at [Grueninger's] insistence [he] brought [the admissibility of Grueninger's statements] to the court's attention, but [counsel is] not allowed to file baseless motions and believed it would cause more harm to the case then it would gain." *Id.* at 1–2. Counsel reasonably eschewed moving to suppress Grueninger's statements.

Moreover, Grueninger fails to demonstrate that, but for counsel's failure to move to suppress Grueninger's statement,[7] the Circuit Court would have found Grueninger not guilty of the many counts. Even without Grueninger's statement to Detective Klisz, overwhelming direct and circumstantial evidence of Grueninger's guilt existed. Both Grueninger's wife and the victim testified to Grueninger's sexual abuse, medical witnesses found physical evidence of sexual abuse consistent with the victim's testimony, and officers found child pornography on Grueninger's computer and amongst his belongings. While Grueninger testified in his own defense and denied the testimony of Detective Klisz, his wife, and the victim, the Circuit Court discounted Grueninger's testimony, and found the Commonwealth's witnesses credible. (Nov.

---

[7] Detective Klisz testified that on the March 16, 2009 visit to the jail to serve additional warrants, he read Grueninger his *Miranda* warnings and Grueninger spoke freely with him about the case. (Nov. 19, 2009 Tr. 68–69.) Grueninger admitted to performing oral sex on the victim on at least two occasions and to shaving her pubic hair, but claimed that the victim asked him to do both, admitted to regularly bathing with her, and claimed that he only placed his finger in her vagina to help insert a suppository for a yeast infection. (Nov. 19, 2009 Tr. 69.) Grueninger also wrote a letter to his wife, an "apology" for the "mess" and claimed that he wanted to "bring this out in the open." (Nov. 19, 2009 Tr. 70.)

19, 2009 Tr. 301; *see* Nov. 19, 2009 Tr. 297–301.)  Because Grueninger demonstrates neither

deficiency of counsel nor resulting prejudice, Claim Two (a) will be DISMISSED.

In Claim Two (c), Grueninger faults counsel for failing to request a mental health

examination for his client before sentencing.  Grueninger argues that a mental health evaluation

"would have demonstrated . . . it was unlikely that I committed these crimes in the first place, but

that I certainly posed no danger to society upon my release."  (§ 2254 Pet. 23.)  In rejecting this

claim, the Circuit Court made the following findings:

> The mere availability of an evaluation did not require counsel to request an
> evaluation, absent any belief that his client had any mitigation mental condition,
> thus counsel could make a reasonable tactical decision not to request an
> evaluation.  The Court also finds, based upon the record of the case, which
> demonstrates that petitioner raped and sexually abused his daughter over a period
> of years and that he collected and viewed pornography featuring the victimization
> of pre-pubescent children, that a reasonable attorney also would have been
> concerned that an evaluation would diagnose petitioner as a dangerous pedophile
> and would have been aggravating rather than mitigating.  Petitioner, moreover,
> does not proffer what such an evaluation would have shown or how it would have
> changed the outcome of trial.  The Court dismisses this claim for failure to
> establish deficient performance or prejudice.

*Grueninger*, No. CL11001384–00, at 2–3.  The Court discerns no unreasonable application of

the law or an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d)(1)–(2).

Grueninger's proffer that the mental health evaluation would have demonstrated that "it was

unlikely [he] committed these crimes," or that he "posed no danger to society," are vague

conclusions and fail to support a claim for habeas relief.  *United States v. Terry*, 366 F.3d 312,

316 (4th Cir. 2004) (requiring "concrete evidence" of exculpatory testimony); *Bassette v.

Thompson*, 915 F.2d 932, 940–41 (4th Cir. 1990) (requiring proffer of mitigating evidence to

state a claim of ineffective assistance).  Claim Two (c) lacks merit and will be DISMISSED.

In Claim Two (e), Grueninger faults trial counsel for failing to note an appeal.

Grueninger wholly fails to demonstrate deficiency of trial counsel or resulting prejudice.  The

Circuit Court explained: "The Court finds that Michael Clower had no obligation to file an appeal for the petitioner, once new counsel had been appointed, and further finds the appeal was perfected on behalf of the petitioner by attorney Brian S. Foreman." *Grueninger*, No. CL11001384–00, at 3. Because Grueninger had new counsel appointed, and counsel perfected Grueninger's appeal, Grueninger fails to demonstrate deficiency of trial counsel or any prejudice. Claim Two (e) lacks merit and will be DISMISSED.

In Claim Two (g), Grueninger contends that counsel rendered ineffective assistance based upon his post-trial statement in his affidavit that he filed a motion for discovery when in fact he had not.[8] (§ 2254 Pet. 26.) Grueninger fails to demonstrate any deficiency of counsel or resulting prejudice from counsel's post-conviction and post-representation statement. *See Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (citations omitted) (emphasis omitted) ("claims of error occurring in state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief"). Accordingly, Claim Two (g) will be DISMISSED.

**B.  Unexhausted Claims**

In Claim Two (b), Grueninger faults counsel for failing to properly cross-examine the prosecution's computer forensic expert. Grueninger claims that better questioning of the expert would have demonstrated that Grueninger "was not even home" on the day the Commonwealth claimed he accessed the pornography. (§ 2254 Pet. 23.) Grueninger fails to proffer what exculpatory evidence counsel would have elicited had counsel more thoroughly questioned the expert. On that basis alone, Grueninger's claim fails. *See Terry*, 366 F.3d at 316. Moreover,

---

[8] In his state habeas petition, Grueninger faulted counsel for not filing a discovery motion. *See* Petition for Writ of Habeas Corpus 7, *Grueninger v. Dir. of the Va. Dep't of Corr.*, No. CL11001384–00 (Va. Cir. Ct. filed August 8, 2011). Counsel explained that no need existed to file a discovery motion, because the parties handled discovery outside of Court, and the Circuit Court found no deficiency of counsel or resulting prejudice. Motion to Dismiss Ex. 1, at 2, *Grueninger*, No. CL11001384–00. In his § 2254 Petition, Grueninger instead argues that counsel deceived the state habeas court in his affidavit. (§ 2254 Pet. 26.)

overwhelming evidence existed of his guilt of possessing and distributing child pornography. Detectives found the pornography on the computer owned by Grueninger, under a partition labeled with his name, and neither his wife nor his son accessed that portion of the computer. The victim also testified that Grueninger showed her the images of child pornography and videos of adults having sex with children. Accordingly, Grueninger fails to demonstrate deficiency of counsel or resulting prejudice and Claim Two (b) will be DISMISSED.

In Claim Two (d), Grueninger faults counsel for failing to file a motion for a sentence reduction. Grueninger fails to proffer, and this Court fails to discern from the record, on what basis counsel should have moved for a reduction in sentence. Thus, Grueninger's claim fails.

In addition, Grueninger admits that after hearing Grueninger's allocution at sentencing, "the Judge became 'so angry he left the court red faced for a half hour to recompose before announcing sentence.'" (§ 2254 Pet. 24 (quoting Motion to Dismiss Ex. 1 at 1, *Grueninger*, No. CL11001384–00, at 2)). Grueninger's lengthy sentence was not the product of any deficiency of counsel, but based upon Grueninger's own actions and statements.

The presentence report recommended a sentencing range of twenty-seven years and five months to forty-three years and ten months. (Feb. 2, 2010 Tr. 308.) After hearing Grueninger's statement in which Grueninger blamed his wife, the Commonwealth, and his attorney for his plight, the Circuit Court sentenced Grueninger to 235 years with all but 80 years suspended. (Feb. 2, 2010 Tr. 340). The Circuit Court explained that it based the sentence on Grueninger's total lack of remorse and lack of acceptance of personal responsibility, the length of the abuse of the victim from infancy to adolescence, the extent to which Grueninger's behavior was designed to prevent others from detecting the criminal acts and circumvent and frustrate the prosecution of those acts, and that Grueninger constituted an ongoing threat to the victim and society. (Feb. 2,

13

2010 Tr. 340–41); *see* Reasons for Departures at 1, *Commonwealth v. Grueninger*, No. CR09000338 (Va. Cir. Ct. Feb. 2, 2010).  Counsel reasonably eschewed arguing for a sentencing reduction after Grueninger's obvious lack of remorse and the Court's provision of an extensive basis for the sentence.  Moreover, Grueninger wholly fails to demonstrate any resulting prejudice from counsel's failure to move for a sentencing reduction, as he cannot demonstrate that the Circuit Court, after thoroughly documenting its reasons for departure, would have granted the motion and reduced his sentence.  Claim Two (d) lacks merit and will be DISMISSED.

In Claim Two (f), Grueninger claims counsel rendered ineffective assistance for not demonstrating to the Circuit Court that his "wife was behind the allegations against me." (§ 2254 Pet. 25.)  Grueninger demonstrates no deficiency of counsel or resulting prejudice. Counsel avers that no evidence existed to support the argument that his wife "set him up." Motion to Dismiss Ex. 1 at 3, *Grueninger*, No. CL11001384–00.  Grueninger also fails to allege any facts that the victim's testimony resulted from an improper influence from his wife or that the record supported this line of defense.  Counsel reasonably eschewed pursuing a defense that Grueninger's wife made false allegations.  Counsel cannot be faulted for failing to advance an argument that lacked factual support.

Grueninger also demonstrates no prejudice from counsel's actions.  A defense of blaming his wife for false allegations would have certainly failed in light of the overwhelming evidence of Grueninger's guilt.[9]  The Court heard extensive testimony supporting the charges from investigating detectives, Grueninger's wife, the victim, and medical experts, and found their testimony credible.  The Circuit Court also had Grueninger's statement to police before it

___

[9] Indeed, counsel questioned Grueninger in an attempt to discredit his wife's testimony. Counsel elicited testimony from Grueninger that he and his wife had a strained relationship and that contrary to his wife's testimony, the computer that contained pornography belonged to her not Grueninger. (Nov. 19, 2009 Tr. 255–58.)

14

admitting to sexual activity with the victim.  Accordingly, Claim Two (f) lacks merit and will be DISMISSED.

## VI.   CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 11) will be GRANTED.  Grueninger's claims will be DISMISSED and his § 2254 Petition will be DENIED. The action will be DISMISSED.  A certificate of appealability will be DENIED.[10]

An appropriate Final Order shall issue.

/s/

John A. Gibney, Jr.
United States District Judge

Date: 6/27/14
Richmond, Virginia

---

[10] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(A).  A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  Grueninger fails to meet this standard.