IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ERIC ADAM GRUENINGER,

    Petitioner,

v.                                                                        Civil Action No. **3:13CV260**

**DIRECTOR, VIRGINIA DEPARTMENT
OF CORRECTIONS,**

    Respondent.

## MEMORANDUM OPINION

Eric Adam Grueninger, a Virginia prisoner proceeding *pro se*, submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions in the Circuit Court for the County of Hanover ("Circuit Court") of **two counts of indecent liberties with a child under age fifteen, two counts of aggravated sexual battery by a parent with a child at least thirteen but less than fifteen, one count of rape, three counts of forcible sodomy, two counts of object sexual penetration,**[1] nine counts of possession of child pornography, and one count of distribution of child pornography. By Memorandum Opinion and Order entered on June 27, 2014, the Court denied Grueninger's § 2254 Petition. *See Grueninger v. Dir., Va. Dep't. of Corr.*, No. 3:13CV260, 2014 WL 2925285, at *9 (E.D. Va. June 27, 2014).

Grueninger appealed. On February 9, 2016, the United States Court of Appeals for the Fourth Circuit reversed in part the decision of this Court and "remand[ed] with instructions that the district court issue Grueninger a writ of habeas corpus as to the sexual abuse charges unless the Commonwealth endeavors, within a reasonable period of time to prosecute him in a new trial

---

[1] The convictions in bold will hereinafter be referred to as the "sexual abuse charges."

on those counts without utilizing the confession." *Grueninger v. Dir., Va. Dep't. of Corr.*, 813 F.3d 517, 532 (2016).

Accordingly, per the directive of the Fourth Circuit, by Memorandum Order entered on March 3, 2016, the Court informed the parties that the writ of habeas corpus will issue "unless the Commonwealth endeavors, within a reasonable period of time, to prosecute him in a new trial on [the sexual abuse] counts without utilizing [his] confession." *Id.* The Commonwealth has now responded, and explains the following:

> In an affidavit, executed March 28, 2016, Ramon E. Chalkey, III, Commonwealth's Attorney for Hanover County, Virginia, avers his intention to prosecute the petitioner upon the sexual abuse charges without utilization of Grueninger's March 16, 2009 statement to Investigator David Klisz in the Commonwealth's case-in-chief. Respondent's Exhibit 1, Chalkey Affidavit, March 28, 2016. He further indicates that the Commonwealth will prepared to commence trial upon these charges and "any other indictments which may be brought within 180 days" of the affidavits execution. Respondent's Exhibit 1.

(Resp. 4, ECF No. 30.) Respondent seeks "a conditional order of release, granting the Commonwealth of Virginia an opportunity to correct the constitutional infirmity through a retrial on the petitioner's 'sexual abuse charges.'" (*Id.* (citations omitted).)

The pertinent statute provides that a Court shall dispose of a petition for a writ of habeas relief "as law and justice require." 28 U.S.C. § 2243. "The typical relief granted in federal habeas corpus is a conditional order of release unless the State elects to retry the successful habeas petitioner . . . ." *Herrera v. Collins*, 506 U.S. 390, 403 (1993). "District courts rightly favor conditional grants, which provide states with an opportunity to cure their constitutional errors, out of a proper concern for comity among the co-equal sovereigns." *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006). Under certain extreme circumstances not present here, the Court may preclude the Commonwealth of Virginia from retrying a successful habeas petitioner. *See, e.g., Kane v. Virginia*, 419 F.2d 1369, 1373 (4th Cir. 1970) (precluding trial of petitioner who

prevailed on a claim that his speedy trial rights were violated); *Morales v. Portuondo*, 165 F.Supp.2d 601, 609 (S.D.N.Y. 2001) (providing instances when federal courts have barred retrial of a successful habeas petitioner). The constitutional violation that occurred here does not warrant the extreme remedy of precluding a retrial. *See Gentry*, 456 F.3d at 696–97 (describing the practical consequences of the grant of habeas relief). The typical habeas remedy of a conditional grant of habeas relief is all that justice requires in the instant case.

Accordingly, the writ of habeas corpus will be granted with respect to the sexual abuse charges if the Commonwealth of Virginia does not commence the retrial of Grueninger within ninety (90) days of the date of entry of this Memorandum Opinion and Order. *See id.* at 692 (explaining that the "district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case").

An appropriate Order shall issue.

Date: 6/22/16
Richmond, Virginia

/s/ John A. Gibney, Jr.
United States District Judge

3